IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Michael DeQuincy Allen,**<br>**Petitioner,**<br><br>v.<br><br>**Robert McDonald, et al.,**<br>**Respondents.** | )<br>)<br>)<br>)  1:08cv663 (LMB/TRJ)<br>)<br>)<br>) |

FILED
DEC 1 6 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Michael DeQuincy Allen, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for the County of Dinwiddie, Virginia for distribution of cocaine. By Order dated July 7, 2008, respondent was ordered to show cause why the writ should not be granted. On August 25, 2008, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion, and a Roseboro Notice, as required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), giving petitioner the opportunity to file responsive pleadings. On September 12, 2008, petitioner filed a Brief in Opposition to respondent's Motion to Dismiss. For the reasons that follow, respondent's Motion to Dismiss will be granted.

### I. Background

On three separate occasions in 2003, petitioner purchased cocaine for confidential informants working for the Didwiddie County Sheriff's Office. On April 18, 2003, Qausim Mohammad met with Investigator Fendle Vaughan, and the two made plans to complete a controlled purchase of cocaine in Dinwiddie County. Mohammad was given eighty dollars for the buy. Mohammad then met with Sheila Bowling-Stevens, and the two picked up petitioner and informed him that they

wished to purchase sixty dollars worth of cocaine. The three drove to another location, where Mohammad gave petitioner the eighty dollars, and after approximately ten or fifteen minutes, petitioner returned with three bags containing twenty-dollar rocks of cocaine. Petitioner did not return the additional twenty dollars, and Mohammad testified that he was not sure what had been done with it.

Two additional controlled buys were made on September 5, 2003, initiated by confidential informant Jean Smith after she met with Investigator Vaughan. That afternoon, Vaughan gave Smith eighty dollars to make a controlled purchase, and with assistance from a woman named Wanda, Smith asked petitioner to purchase drugs for her. As with the previous purchase, Smith and Wanda picked up petitioner, and then drove to another location. At that location, Smith told petitioner she wanted four bags of cocaine worth twenty dollars each. Petitioner took the money and returned a short time later with four bags, one of which was given to petitioner as payment. Later that day, Smith was given another sixty dollars to make another controlled purchase, and after a failed attempt to purchase drugs elsewhere, Smith and Wanda again approached petitioner and asked him to purchase three more twenty-dollar bags of cocaine. When petitioner returned with the drugs, he handed them to Smith, who gave petitioner another bag for his assistance.

On September 7, 2005, a jury in the Circuit Court for the County of Dinwiddie, Virginia, found petitioner guilty of three counts of distribution of cocaine. The jury recommended a sentence of twelve years and a fine of $33,000 for each of the three counts, and on December 5, 2005, the court sentenced petitioner to three terms of twelve years imprisonment, to run concurrently, and assessed $33,000 in fines for each offense.

Petitioner filed a direct appeal of his conviction in the Court of Appeals of Virginia, arguing

that the trial court erroneously refused to give his proffered jury instructions on accommodation. Allen v. Commonwealth, R. No. 0861-06-2 (Aug. 24, 2006). The court denied the petition on August 24, 2006, finding that "not even a scintilla of evidence established that [petitioner's] possession with intent to distribute constituted an accommodation." Id. Petitioner then appealed to the Supreme Court of Virginia, which refused the petition on December 22, 2006. Allen v. Commonwealth, R. No. 061942 (Dec. 22, 2006).

On December 26, 2007, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging in "Grounds A" six claims of ineffective assistance of counsel, specifically:

(1) Counsel failed to present evidence in support of an instruction on accommodation, to investigate adequately, or to prepare for trial;
(2) Counsel failed to "confrontationally" cross-exam witnesses;
(3) Counsel failed to protect petitioner's right against self-incrimination;
(4) Counsel failed to represent petitioner effectively during the sentencing phase of the trial;
(5) Counsel failed to represent petitioner effectively on appeal by presenting "unevidenced" arguments, and failing to inform petitioner of the nature or grounds of the appeal; and
(6) Counsel failed to provide proper advice to petitioner regarding the plea offer presented to him by the Commonwealth.

Pet. 31 (unnumbered page).

Petitioner also alleged two claims in "Grounds B," specifically:

(1) He was denied his Sixth Amendment right to subpoena witnesses for the purpose of mitigation, and
(2) He is being detained in violation of his Fourteenth Amendment due process rights, because counsel's representation was "so limited in scope that it surrendered Petitioners [sic] right to effective counsel and nullified Petitioners [sic] opportunity for resolution."

Pet. 31-32 (unnumbered pages). The Court rejected all of petitioner's claims of ineffective

assistance of counsel, found that Claim B(1) was procedurally barred and Claim B(2) was without merit, and dismissed the petition on May 21, 2008. Allen v. Warden of the Lunenberg Correctional Center, R. No. 072589 (May 21, 2008). Petitioner filed the instant petition on June 26, 2008, alleging the same eight claims he presented his state petition for habeas corpus.

## II. Procedural Default

As a result of the Supreme Court of Virginia's finding of procedural default, petitioner's Claim B(1) is barred from federal review. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held that the procedural default rule established in Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) constitutes an adequate and independent state-law ground for decision. See, e.g., Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006).

When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Muncy, 845 F.2d at 1241-42.

Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, the Supreme Court of Virginia dismissed Claim B(1) of the state habeas corpus petition as procedurally defaulted pursuant to Slayton, because the claim was a "non-jurisdictional issue" that "could have been raised at trial and on direct appeal," and so was not cognizable in a habeas petition. Because the procedural default rule set forth in Slayton constitutes an adequate and independent state-law ground for decision, Claim B(1) of the instant petition is procedurally defaulted and barred from review by this Court, absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Harris, 489 U.S. at 260.

Absent a showing of cause and prejudice or actual innocence, the only miscarriage of justice recognized as sufficient to excuse procedural default, this Court may not review a barred claim. See Roach v. Angelone, 176 F.3d 210, 211 (4th Cir. 1999). To establish cause for a procedural default, a petitioner must demonstrate that some "objective factor" external to his defense impeded him from complying with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, petitioner alleges only that Claim B(1) remains subject to federal review, because he has exhausted his state remedies, and because "the ideal of the Fedreal Habeus [sic] Review is so such issues as have been raised in this agruement [sic] and on Petitioners [sic] Habeus [sic] can be addressed and corrected where State Courts have failed to recognize and moreover attack obvious miscarrages [sic] of justice such as to the magnitude of the testimonies of 54 witnesses with sworn affidavits being denied justice." Br. in Opp. 12. Petitioner, in short, has done little more than claim that he is simply entitled to federal review, and has alleged no facts in support of this argument. Because petitioner has failed to show cause and prejudice, Claim B(1) is procedurally barred from federal review, and

will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### IV. Merits

The Court finds that all of petitioner's claims of ineffective assistance of counsel, Claims A(1)-(6), should be dismissed, because the Supreme Court of Virginia's dismissal of petitioner's claims was neither contrary to, nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), nor was it based upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, a petitioner must show (1) that "counsel's

performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. The Strickland test also applies to appellate counsel. See Burger v. Kemp, 483 U.S. 776, 781 (1987).

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Thus, a petitioner must prove that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Furthermore, even if counsel committed some error, including a "professionally unreasonable" error, the judgment may only be set aside if the error had an actual effect on the judgment. Strickland, 466 U.S. at 691. Thus, for a court to find counsel's performance constituted ineffective assistance, "any deficiencies in counsel's performance must be prejudicial to the defense . . . ." Id. at 692. It is not enough for a petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (explaining that "a reasonable probability is a probability sufficient to undermine confidence in the outcome").

Ultimately, "failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. A successful petition must show both, as they are "separate and distinct elements" of the claim. Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's

7

performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In the context of appellate counsel, effective assistance "does not require the presentation of all issues on appeal that may have merit," and the court must "accord counsel the presumption that he decided which issues were most likely to afford relief on appeal."[1] Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008). Additionally, with regard to the prejudice prong, failure to raise an issue on appeal is ineffective only if that failure "fell below an objective standard of reasonableness and, but for that failure, [petitioner] would have prevailed in his appeal." Lawrence, 517 F.3d at 709.

Claim A(1):

In Claim A(1), petitioner argues that counsel's performance was ineffective because counsel failed to present evidence in support of an instruction on accommodation, to adequately investigate petitioner's case, or to prepare for trial. Pet. 33 (unnumbered page). Specifically, petitioner argues that counsel failed to interview and subpoena Wanda Flowers, Shiela Bowling-Stevens, and Beverly Allen in order to support his defense of accommodation. Petitioner alleges that Flowers and Bowling-Stevens would have testified that petitioner acquired drugs as a favor to them. Pet. 34 (unnumbered page). Petitioner also includes a letter from Beverly Allen to "Delegate Dance," in which she writes that, had she been asked, she would have served as a character witness for petitioner, and could have conveyed to the jury that petitioner was "an addict, not a dealer." Pet. 36

---

[1] The United States Supreme Court has noted the deference given to appellate counsel, holding that appellate counsel is not required to raise every nonfrivolous claim on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). The Court also has held that "[n]otwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000).

(unnumbered page). Further, petitioner claims that counsel failed to file motions for discovery, a bill of particulars, and for exculpatory evidence; failed to perform "even the most normal procedures for trial preparation;" and failed to assert an affirmative defense. Pet. 41 (unnumbered page).

Although petitioner asserts that three witnesses would have testified on his behalf, and he attempts to put forth a summary of their alleged testimony, petitioner has included no affidavits or other sworn statements to support his contentions regarding their missing testimony.[2] Furthermore, when asked by the trial court whether he had any witnesses to call to testify on his behalf at trial, petitioner responded that he did not have any witnesses. Trial Tr. 7. Petitioner stated to the court that he had had plenty of time to discuss his case with counsel, to consider counsel's advice, and to discuss the subject of witnesses. Trial Tr. 7-8. As a result of those conversations, petitioner expressly told the court that he had no witnesses for trial, and that he was "satisfied" with the services rendered by counsel. Trial Tr. 7. Such solemn declarations in open court carry a strong presumption of truthfulness. See generally Blackledge v. Allison, 431 U.S. 63, 74 (1977). Petitioner has failed to allege facts sufficient to demonstrate that counsel's performance was deficient, or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Thus, rejection of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

Claim A(2):

---

[2] Although petitioner includes a letter from Beverly Allen to "Delegate Dance," which purports to reflect at least some portion of Allen's alleged testimony on behalf of petitioner, the letter is not sworn, nor is it signed, and the Court will not consider it as any official proffer of Allen's testimony when considering petitioner's claim.

Petitioner alleges in Claim A(2) that counsel failed to "confrontationaly" cross-examine witnesses regarding their "conflicting testimony as to the amount of drugs bought by the informant and received by the officer and submitted for evidence...." Pet. 43 (unnumbered page). According to petitioner, at trial the informant[3] testified to receiving three rocks of cocaine, giving one to petitioner, and submitting two rocks of cocaine to Investigator Vaughan. Pet. 43 (unnumbered page). However, petitioner alleges that the officer testified to receiving only one rock of cocaine. Pet. 43 (unnumbered page). Petitioner additionally claims that counsel should have "confrontationaly" cross-examined the informant regarding his knowledge of the area, because petitioner claims that this information would have "given more validity" to counsel's argument that petitioner was purposefully and unjustly targeted by the informant because petitioner was a known drug addict. Pet. 43-44 (unnumbered page).

Despite petitioner's claims, the trial transcript makes clear that counsel did thoroughly cross-examine the officer and both of the informants on a number of issues, including the number of rocks of cocaine, Trial Tr. 73-74; the fact that petitioner was a known drug user, Trial Tr. 72, 96; and that the officer was not physically present at each of the transactions, Trial Tr. 126. More importantly, petitioner has failed to allege what specific additional information would or could have been elicited on cross-examination, and instead does nothing more than speculate about how certain questions may have been answered. Under the presumption afforded to counsel by <u>Strickland</u>, petitioner is unable to demonstrate that counsel's performance fell outside the wide range of reasonable

---

[3] According to the trial transcript, one witness, Quasim Mohammad, testified that he made controlled buys of drugs for various agencies, while another witness, Jean Smith, specifically referred to herself a confidential informant. Petitioner fails to specify which informant he is referring to in his petition, but based on the pages of the trial transcript to which he cites, it appears petitioner is referring to both witness Mohammad and witness Smith.

professional assistance. Additionally, petitioner fails to allege how any additional information would have altered the outcome of the proceedings. As a result, petitioner has satisfied neither the performance nor the prejudice prong of Strickland. Therefore, rejection of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

Claim A(3):

In Claim A(3), petitioner alleges that counsel failed to protect petitioner's right against self-incrimination by placing him on the stand without preparing him to testify. Pet. 45 (unnumbered page). Petitioner claims that counsel failed to "develop[] an arguement [sic] or defense to justify the line of questioning that followed or having provided evidence to substanciate [sic] counsels [sic] arguement [sic]," therefore petitioner was compelled to be a witness against himself. Pet. 45 (unnumbered page). Again, petitioner fails to allege what argument counsel should have made, or how it would have altered the outcome of the proceeding. Petitioner also fails to allege how his responses would have been different if counsel had prepared him to testify in some other way. Moreover, at trial, the court explained to petitioner that he had the right to testify, but also that he was permitted to waive that right, and that only he could make that decision. Trial Tr. 137. The court additionally told petitioner that "if it doesn't go your way you will not be heard later to complain that [counsel] made you testify." Trial Tr. 137. Petitioner told the court that he understood, then he conferred with counsel, and finally he confirmed that he wanted to testify in his own behalf. Trial Tr. 137. There is simply nothing in the record to indicate that counsel's performance was deficient, or that but for some alleged error on the part of counsel there is a reasonable probability that the outcome of the proceedings would have been different. Therefore,

the Supreme Court of Virginia's rejection of this claim was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

Claim A(4):

In Claim A(4), petitioner alleges that counsel failed to represent petitioner effectively during the sentencing phase of the trial by not presenting any mitigating evidence. Pet. 46 (unnumbered page). According to petitioner, counsel said that he would not need to present any witnesses on his behalf at sentencing, and that had counsel told petitioner he needed witnesses, at least fifty-two individuals would have been willing to testify as to petitioner's character. Pet. 46 (unnumbered page). In support of this claim, petitioner attaches a petition with forty-eight signatures on it, which states only that those who signed knew petitioner for many years, that he is a good person "in spite of his problems" of drug and alcohol abuse, and that the charges against him were unfair and the sentence should be reconsidered. Pet. 53 (unnumbered page). The signature petition does not state that any of the individuals who signed it would have testified on petitioner's behalf. Petitioner also includes letters signed by four individuals, which state that those individuals would have shown up to speak on petitioner's behalf at sentencing and attest to petitioner's character. Pet. 54-57 (unnumbered pages).

As with previous claims, petitioner fails to describe the testimony that would have been presented by any of these purported character witnesses. He also does not allege how, if at all, his sentence would have been altered if these character witnesses had testified. At trial, the jury recommended a sentence of twelve years for each of the three counts of distribution, and a $33,000 fine for each count, for a total of thirty-six years imprisonment and $99,000 in fines. Trial Tr. 176. At sentencing, rather than order the prison sentences to run consecutively, the court ordered that they

run concurrently. Sentencing Tr. 9. Petitioner has presented nothing to support that he would have somehow received a more lenient sentence had character witnesses been presented, and he has not alleged that he was in any way prejudiced by counsel's alleged errors. As a result, rejection of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

Claim A(5):

Petitioner alleges in Claim A(5) that counsel failed to represent petitioner effectively on appeal by presenting "unevidenced" arguments, and by failing to inform petitioner of the nature or grounds of the appeal. Pet. 61 (unnumbered page). Petitioner alleges that he should have received "a copy of the appeal and the brief in opposition," and that the arguments made by counsel "do not hold water." Pet. 61-62 (unnumbered page).

When reviewing counsel's performance on appeal, counsel is afforded the presumption that he chose to present the issues which were "most likely to afford relief." Lawrence, 517 F.3d at 709. Furthermore, not all issues that arguably have merit must be presented by an effective appellate counsel. Id. Here, petitioner has failed to allege facts to support his claim that counsel's performance was deficient. Counsel raised an argument regarding the trial court's refusal to give the proffered jury instruction on accommodation, which counsel believed was supported by the evidence, although the Court of Appeals rejected this claim. Allen v. Commonwealth, R. No. 0861-06-2 (Aug. 24, 2006). Additionally, although petitioner takes issue with the arguments presented by counsel, he does not suggest a different argument regarding the accommodation claim, nor does he specify any other claim that he thinks should have been raised on appeal. Thus, there is nothing in the record to suggest that but for any alleged error by counsel, there is a reasonable probability that

13

petitioner's conviction or sentence would have been reversed. Accordingly, the rejection of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

Claim A(6):

Petitioner alleges in Claim A(6) that counsel failed to provide proper advice regarding the plea offer presented to petitioner by the Commonwealth, and that counsel did not inform petitioner of the minimum sentence that could be imposed if petitioner were found guilty. Pet. 64 (unnumbered page). Petitioner claims that had he been told this information, he would have accepted the offer of twenty-four months imprisonment presented to him by the commonwealth. Pet. 64 (unnumbered page).

As an initial matter, petitioner himself stated at trial that he was satisfied with counsel's services and wished to proceed to trial, even after the court reminded petitioner that he would be required to serve at least eighty-five percent of whatever sentence was imposed. Trial Tr. 7-8. Furthermore, contrary to petitioner's present allegations, counsel states in a sworn letter that he pleaded with petitioner to take the offer, that he informed petitioner that he did not think he could win the case with the Commonwealth's evidence against petitioner, and that if the jury convicted petitioner they would be required to give him a minimum of five years imprisonment for each count of distribution. Attach. #5 to Br. in Supp. of Mot. to Dismiss 18 (unnumbered page). Petitioner has failed to allege any facts to show that counsel's performance was deficient, or that but for counsel's alleged errors there is a reasonable probability that the outcome of the proceedings would have been different. As a result, the Supreme Court of Virginia's dismissal of this claim was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

Claim B(2):

Finally, petitioner alleges in Claim B(2) that he is being detained in violation of his Fourteenth Amendment due process rights, because counsels's representation was "so limited in scope that it surrendered Petitioners [sic] right to effective counsel and nullified Petitioners [sic] opportunity for resolution." Pet. 66 (unnumbered page). In short, petitioner alleges that the cumulative effect of all of counsel's ineffective assistance was such that it violated his right to due process. As the court has dismissed all of petitioner's claims of ineffective assistance of counsel, aggregating such claims also does not warrant providing petitioner with the relief he seeks, and this claim will be dismissed. See United States v. McCarty, 36 F.3d 1349, 1360 (4th Cir. 1994) (holding that where no individual error is found, there can be no prejudice justifying habeas relief).

## V. Conclusion

For the above reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this __16th__ day of __December__ 2008.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

15